[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] BY THE DIVISION
The petitioner was originally charged with murder, felony murder, commission of a felony with a firearm and possession of a pistol without a permit. There were three trials in connection with these charges. The first trial ended in a hung jury, in the second trial, he was acquitted of murder, but there was a hung jury on the felony murder count, and also a hung jury in the third trial on the felony murder as well as the pistol without a permit.
After the third trial the parties negotiated an agreement for an "Alford" plea to the weapons charge with an open argument as to the sentence. The felony murder charge and the count of committing a felony with a firearm were nolled and then dismissed without objection.
The sentencing court imposed the maximum sentence of five years to the charge of carrying a pistol without a permit.
The factual basis of the plea was that on July 26, 1997, the victim; Daryl Anderson, was shot in the chest during a drug transaction and was killed. The police came on the scene and chased a suspect who scaled a fence and got away. A 357 magnum was found on the other side of the fence and identified as the weapon used in the killing. It was as to that weapon that Flores entered an Alford plea.
While the petitioner, who was 15 years old at the time of the shooting, had no prior record, he had been arrested and convicted of Sale of Narcotics/Hallucinogens on an alternative docket subsequently. CT Page 7318
His attorney essentially argues that the maximum sentence was excessive for a simple charge of illegal possession of a weapon, given the lack of a prior record and the petitioner's young age.
However, as the sentencing court cogently expressed, it could consider all of the circumstances of the offense, including information which would be inadmissible on the issue of guilt.
In this case, the weapon was used to kill a young man who allegedly would not comply in a robbery attempt by a person selling him drugs.
The Court was also entitled to consider his arrest for sale of narcotics which occurred subsequent to the crime under review.
This Division can only modify' a sentence pursuant to the provisions of practice Book § 43-28. Applying the criteria of that section, we conclude the sentence is neither inappropriate nor disproportionate. It is affirmed.
Klaczak, Norko and Iannotti, J's, participated in this decision. CT Page 7319 [EDITORS' NOTE: This page is blank.] CT Page 7320 [EDITORS' NOTE: This page is blank.] CT Page 7321 [EDITORS' NOTE: This page is blank.] CT Page 7322